UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>LISA CHARISE MAHONE,<br>    Defendant. | CRIMINAL NO. 17-52-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant Lisa Charise Mahone's motion (DE 30) to revoke the magistrate judge's detention order. For the following reasons, the Court will deny the motion.

Mahone is charged with six criminal charges relating to the distribution of heroin, fentanyl, and cocaine, including one charge of conspiring with her son to distribute heroin and fentanyl. The government moved that she be detained pending trial. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant must be detained pending trial if, after a hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure her appearance and public safety. Pursuant to 18 U.S.C. § 3142(e)(3), for any defendant charged with the crimes at issue here, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the public safety or that the defendant will meet her appearance obligations. There is no dispute that the presumption applies in this case.

After a detention hearing, the magistrate judge determined that Mahone rebutted the presumption as to her willingness to meet her appearance obligations. As to public

safety, however, the magistrate judge determined that she had not rebutted the presumption that there were not sufficient conditions that would reasonably assure the safety of the community if Mahone were released. The magistrate judge further determined that, even if Mahone had rebutted the presumption of detention, a consideration of the factors under 18 U.S.C. § 3142(g) required her detention pending trial.

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute does not specifically require this Court to conduct an additional hearing. In her motion, Mahone does not request a hearing and she does not rely on or explain any additional evidence that she would proffer in support of the motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F.Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on the indictment, the audio recording of the detention hearing, the pretrial report prepared by the United States Probation Office, and the pleadings submitted by the parties.

Once the presumption of detention is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The defendant's burden of production is "not heavy," but she must produce some evidence that she does not pose a danger to the community or risk of flight. *Id*. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Id*

The Court will assume, as the magistrate judge found, that Mahone rebutted the presumption that she posed a flight risk. The Court agrees with the magistrate judge, however, that Mahone did not rebut the presumption that no conditions could reasonably assure community safety if she is released. On this issue, Mahone largely relies on the fact that officials have permitted her to remain free pending trial on state charges. This Court, however, is required to make its own assessment as to the defendant's danger to the community. Accordingly, the Court does not find the assessment of state officials as to Mahone's danger to the community is sufficient evidence to rebut the presumption that she poses a danger to the community.

Furthermore, even if this were sufficient evidence to rebut the detention presumption, the Court finds detention nonetheless required under §3142(g). In making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense involves a controlled substance; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

Mahone is charged with very serious offenses, all of which involve controlled substances. One of those substances is fentanyl, a particularly lethal drug that has led to multiple deaths in this district alone. If found guilty of these offenses, Mahone faces up to 30 years in prison. Mahone admitted to the United States Probation officer that she last used cocaine only one week before the officer interviewed her. This was while she was released on bond on state drug charges. Further, when she was arrested for these federal charges, Mahone had 25 grams of cocaine and $4,000 in cash on her. Mahone has been unemployed since October 2016 and reported to the U.S. probation officer that she has only $250 in assets. She clearly was not complying with the conditions of her state bond.

Moreover, at the gas station where Mahone was arrested on the federal charges, officers found a handgun that appeared to have been recently placed in a public restroom after a juvenile traveling with Mahone asked the officers for permission to enter the restroom. Mahone has a prior federal felony drug-trafficking conviction. While on bond on that charge, she apparently used cocaine on multiple occasions and ultimately agreed to the revocation of her bond. Finally, Mahone has a long history of substance abuse.

The Court finds that the government has proved by clear and convincing evidence that no condition or combination of conditions could reasonably assure the community's safety if she is not detained. Considering the serious nature of the charges against Mahone, the significant danger posed by controlled substances and the particular danger posed by fentanyl, Mahone's history of drug abuse and trafficking, and Mahone's willingness to violate court-imposed conditions on her release in prior instances, the Court finds that Mahone must be detained. This conclusion is consistent with that of the magistrate judge and the United States Probation Office.

Accordingly, the Court hereby ORDERS that Mahone's motion to revoke or amendment the magistrate judge's detention order (DE 30) is DENIED.

Dated June 26, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY